65  401
166s 513

# Felix G. Farrell v. Centennial National Bank et al.

1. GARNISHMENT—*Nature of the Indebtedness.*—The indebtedness upon which proceedings in garnishment can be sustained must be such as upon which the garnishee could have maintained an action of *indebitatus assumpsit* against his debtor.

Garnishment Proceeding. — Appeal from Circuit Court of Cass County; the Hon. LYMAN LACEY, Judge, presiding. Heard in this court at the November term, 1895. Reversed, but not remanded. Opinion filed May 29, 1896.

STATEMENT OF THE CASE.

The appellees, the Continental National Bank and William Epler, caused executions issued upon judgments in their favor respectively, and against one James Caywood, to be levied upon a crop of corn which had been planted and cultivated by Caywood, on a farm of which he had possession, under a contract to purchase the same from the appellant, Farrell.

Caywood held a bond, executed by Farrell, entitling him to a deed for the land, upon conditions set forth in the instrument.

Farrell claimed the terms and conditions of the bond entitled him to the corn, and to have it applied to the payment of the principal and interest of the unpaid balance of the purchase money of the farm, and that his lien upon the corn, created by the provisions of the bond, was superior to the rights of the appellees under the levies made by virtue of the executions issued upon their respective judgments.

In this view, Farrell, in September, 1894, replevied the corn from the custody of the officer who had levied the executions, and caused it to be gathered, and sold it, receiving the sum of $1,440. Afterward, in November of the same year, and while the replevin suit was still pending for trial, Farrell claimed the right to declare the bond for a deed to be forfeited for non-compliance with its terms. Caywood conceded he had forfeited his right under the contract of purchase, and surrendered the bond to Farrell, and also executed a quit-claim deed to Farrell for the land, and received in return the notes he had executed for the purchase price of the land. The parties also, at the same time, adjusted other items of account in a manner satisfactory to themselves. In January, 1895, Farrell sold the land to one Chittick.

In February, 1895, appellees respectively caused writs of garnishment to issue against Farrell, in favor of their judgments against Caywood.

At the April term, 1895, of the Cass Circuit Court, the

suit in replevin was heard, and was determined in favor of Farrell, his right to the corn under the stipulation of the bond being held by the court to be superior to that of the appellees under the levies.

At the same term of the court the garnishment writs against Farrell were consolidated, and, upon a hearing, the court found Farrell was indebted to Caywood in the sum of $1,028.33, and entered judgment in that amount against Farrell for the use of the appellees.

Farrell appealed to this court.

W. P. CALLON, attorney for appellant.

R. W. MILLS, attorney for appellees.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The theory upon which it is sought to sustain this judgment is that it appeared from the evidence Farrell was indebted to Caywood and that appellees as judgment creditors were entitled to have such indebtedness reduced to a judgment in favor of Caywood, to be collected for their benefit.

Caywood and Farrell both denied such indebtedness existed.

It is not claimed it appeared from the proof Farrell had ever agreed to pay that or any other sum to Caywood or that Caywood ever claimed or insisted upon the right to have or receive any sum from Farrell, or that there was any secret or fraudulent understanding between those parties with relation to the state of their accounts.

The insistence of counsel for the appellees, as we can best understand it, is that upon an adjustment made by the court of the transactions between Caywood and Farrell connected with the contract for the sale of land and the rescission thereof, the obligation of the latter to pay the former appeared.

In support of this view counsel, in their brief, submit the following as a true and correct statement of the accounts between those parties:

James E. Caywood, in account with Felix G. Farrell, Dr.

| | |
|---|---|
| Dec. 31, 1892. To 112 acres of land............$ | 9,000.00 |
| Dec. 31, 1893. To 1 yr's in't on $8,000 at 7 pr. ct. | 560.00 |
| Dec. 31, 1894. To 1 y'rs in't on $7,844......... | 548.00 |
| Dec. 31, 1894. .Corn furnished Caywood to feed his stock.............................. | 165.80 |
| Oct. 1894. Cash paid for gathering corn....... | 195.43 |
| Lumber for house................. | 218.55 |
| Two years tax.................... | 70.00 |
| Total debits,   • | $10,757.78 |

*Contra.*

| | |
|---|---|
| Cash paid at time of purchase................$ | 1,000.00 |
| Dec. 31, 1893. Interest 1 year................ | 560.00 |
| Dec. 31, 1893. On principal................... | 156.00 |
| Sept. 1894.    Corn to Conover.............. | 1,440.00 |
| Nov. 1894.    112 acres of land sold to Chittick | 8,630.00 |
| Total credits......| $11,786.00 |
| Balance due Caywood...................| $1,028.22 |

Judgment was rendered against Farrell for the amount thus made to appear to be due to Caywood.

In the statement the amount received by Farrell for the corn is made to figure as a credit in favor of Caywood.

· When Caywood reconveyed the farm to Farrell and secured the surrender and cancellation of the notes he had given for the purchase price of the farm he knew Farrell had seized and sold the corn, and claimed the right to apply the money so received as a payment upon the notes, and that he was then holding the money as so much received in partial payment of the notes.

Caywood did not question the right of Farrell to so apply the money—he has never questioned it—but accepted the surrender of the notes with the clear and explicit understanding that Farrell would retain the money received for the corn as having been collected upon the notes unless the appellees could succeed in maintaining their alleged superior right or preference thereto as between themselves and Farrell.

The court adjudicated adversely to the claim of the ap-

pellees that they had better right to the money than had Farrell.

We are unable to understand upon what ground it can be insisted Farrell, because of this decision of the court, became liable to answer to Caywood for the money.

There was no such liability, but as between them the money properly belonged to Farrell, as having been collected upon the notes before they were surrendered by him to Caywood. Both these parties upon that basis rescinded the land trade and adjusted their accounts, and no reason exists why the court should assume to make a new contract and settlement for them.

Nor is there any reason apparent to us warranting the inclusion in the statement of the account of the item of "112 acres of land, $8,630," as a credit in favor of Caywood.

When Caywood reconveyed the farm to Farrell it was not known to whom or at what price the farm might or could be again sold. There is nothing in the record tending to show it was contemplated Caywood was to be interested in any way in any disposition that might afterward be made of the farm or that the parties or either of them, had Chittick or any other person in view as a probable or possible purchaser.

Caywood could not have been called upon to make good any loss arising from a re-sale, nor had he any interest accruing from a future profitable sale, even had it been proven the sale to Chittick resulted in a profit to Farrell.

The evidence does not disclose that Farrell was indebted to Caywood.

Hence the judgment must be and is reversed and the cause will not be remanded.